IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC., d/b/a IOU Financial, Inc.,<br><br>　　　Plaintiff,<br><br>v.<br><br>RN INTERESTS, LLC, d/b/a Victory Motorcars, and ROBERT LEE NEAL,<br><br>　　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:19-CV-5468-MHC |

**ORDER**

This case comes before the Court on Plaintiff IOU Central, Inc., d/b/a IOU Financial, Inc. ("IOU")'s Unopposed Motion for Final Default Judgment Against the Defendants ("Mot. for Default J.") [Doc. 23].

**I.　BACKGROUND**

On December 3, 2019, IOU filed its Complaint [Doc. 1] asserting claims for declaratory judgment (Count I), breach of instruments (Count II), quantum meruit/unjust enrichment (Count III), money had and received (Count IV), equitable lien/equitable mortgage (Count V), constructive trust (Count VI), and attorney's fees (Count VII) against Defendants RN Interests, LLC, d/b/a Victory

Motorcars ("RN Interests") and Robert Lee Neal ("Neal"). Defendants were served on December 6, 2019. See Returns of Service [Docs. 6, 7].

Neither RN Interests nor Neal appeared, filed an answer, or otherwise responded to the Complaint. On January 5, 2020, IOU filed its Motion for Clerk's Entries of Default Against the Defendants [Doc. 12], which were entered by the Clerk on January 6, 2020. On July 27, 2020, IOU filed its Motion for Default Judgment. Neither Defendant has responded to the Motion for Default Judgment.

## II.    LEGAL STANDARD

If a defendant fails to plead or otherwise defend a lawsuit within the time required by Federal Rule of Civil Procedure 12(a)(1)(A), upon motion, the clerk must enter default against the defendant pursuant to Federal Rule of Civil Procedure 55(a). A default constitutes admission of all well-pleaded factual allegations contained in the complaint but is not considered an admission of facts that are not well-pleaded or conclusions of law. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). "A motion for the Court's entry of judgment by default is not granted as a matter of right, and in fact is judicially disfavored. That is why [Rule] 55(b)(2) vests the Court with judicial discretion in determining whether the judgment should be entered." Patray v. Nw. Publ'g, Inc., 931 F. Supp. 865, 868 (S.D. Ga. 1996) (internal footnote and citation omitted).

The United States Court of Appeals for the Eleventh Circuit has instructed that "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations" and that courts "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

A default judgment may be entered by the court only if the well-pleaded factual allegations of the complaint, which are deemed admitted by reason of default, provide a sufficient legal basis for such entry. Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] (internal footnote omitted) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). "The court must therefore examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to an

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

3

entry of judgment by default." Fidelity & Deposit Co. of Md. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that the pleading standard of Rule 8 of the Federal Rules of Civil Procedure

> does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted).

> Under most circumstances . . . applying Twombly[2]/Iqbal's pleading standards in the default judgment is wholly consistent with Nishimatsu's 'well-pleaded allegations of fact' standard, and thus in determining whether a party was entitled to default judgment, the Court would apply Nishimatsu's 'well-pleaded allegations of fact' in light of Twombly/Iqbal's plausibility gloss.

Functional Prods. Trading, S.A. v. JITC, LLC, No. 1:12-CV-0355-WSD, 2014 WL 3749213, at *17 (N.D. Ga. July 29, 2014) (adopting Report and Recommendation) (listing recent unreported decisions within this circuit finding Iqbal relevant to the default judgment inquiry).

---

[2] Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

## III. DISCUSSION

The Court finds that Defendants have not responded to the Complaint within the time allowed by Rule 12 of the Federal Rules of Civil Procedure. The Clerk appropriately made an entry of default as provided by Rule 55(a) of the Federal Rules of Civil Procedure. A default judgment may be entered by the Court only if the well-pleaded factual allegations of the Complaint, which are deemed admitted by reason of the default, provide a sufficient legal basis for such entry. Nishimatsu, 515 F.2d at 1206.

### A. Factual Basis for Entry of Default

The well-pleaded allegations in IOU's Complaint are deemed admitted by reason of default, and show as follows:

On July 2, 2018, Neal submitted an online application for a commercial loan (the "Loan") on IOU's website on behalf of RN Interests. Compl. ¶¶ 7-8. On July 13, 2018, Neal electronically executed a Promissory Note [Doc. 23-1] on behalf of RN Interests to IOU for the principal sum of $205,000.00. Compl. ¶ 10. The Promissory Note included a security agreement by which Defendants, as recipients of the Loan, encumbered their real and personal property as collateral for the Loan. Id. ¶ 11. Neal also electronically executed a Personal Guaranty Agreement ("Guaranty") [Doc. 23-2] on IOU's website, unconditionally guaranteeing

5

performance of the Promissory Note and its security agreement.[3]  Compl. ¶ 12. Neal executed an electronic debit agreement on behalf of RN Interests on IOU's website, authorizing electronic payments for the Loan from RN Interest's account and approved disbursement of the funds.[4]  Id. ¶¶ 14-15.  Defendants received the Loan funds by wire transfer from IOU's bank account to their accounts.  Id. ¶ 16.

---

[3] The Promissory Note and Guaranty both contain a mandatory arbitration provision.  Promissory Note § 24; Guaranty § 10.  Although the United States Court of Appeals for the Eleventh Circuit has not addressed the issue, other Circuit Courts of Appeals and at least two other district courts within this Circuit have found that a party's default in particular circumstances waives its right to arbitration.  See Baker & Taylor, Inc. v. AlphaCraze.Com Corp., 602 F.3d 486, 492 (2d Cir. 2010) (citations omitted); General Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434, 438 (6th Cir. 2002) (citations omitted); Menorah Ins. Co., Ltd. v. INX Reinsurance Corp., 72 F.3d 218, 223 (1st Cir. 1995); Reliabill Sols., LLC v. Nova Vitae Treatment Ctrs. Inc., No. 19-25133-Civ-Scola, 2020 WL 3410754, at *1 n.1 (S.D. Fla. June 22, 2020); Camber Corp. v. Viatech, Inc., No. 5:16-cv-484-MHH, 2017 WL 6406483, at *3-4 (N.D. Ala. Dec. 15, 2017).  The Court notes that the Eleventh Circuit Court of Appeals has affirmed the district court's grant of a motion to set aside default and compel arbitration.  See Sherrard v. Macy's System and Tech. Inc., 724 F. App'x 736, 740 (11th Cir. 2018).  However, no such motion is before the Court at this time.  Thus, the Court finds that the arbitration provisions in the Promissory Note and Guaranty do not preclude granting default judgment against Defendants.

[4] Defendants appear to be citizens of Texas.  Compl. ¶ 2.  The Complaint does not allege any relevant contacts between the Defendants and Georgia, other than Neal applying for the Loan via IOU's website.  However, a party waives the defense of lack of personal jurisdiction by failing to make a motion under Federal Rule of Civil Procedure 12 or including it in a responsive pleading.  FED. R. CIV. P. 12(h)(1)(B) (referencing FED. R. CIV. P. 12(b)(2)).  "A party does not, however, waive its defense for lack of personal jurisdiction simply by failing to appear and thus defaulting, even if the party received proper service of the action.  While it is

IOU relied upon Defendants' representations and believed them to be honest and accurate when it provided the Loan funds to Defendants with the expectation of repayment. Id. ¶¶ 23, 28. Shortly after their receipt of the Loan funds, Defendants breached the Loan instruments, did not make payments, violated the Loan terms, and defaulted on the Loan. Id. ¶¶ 18, 26. Defendants had no intention of repaying the Loan funds and knew of the intended unwillingness or inability to repay the Loan prior to the origination of the Loan. Id. ¶¶ 19-20.

The Complaint alleges that RN Interests and Neal are jointly and severally liable for the Loan because, *inter alia*, they constitute partners or a principal-agent relationship. Id. ¶¶ 21, 31. It also alleges that the Loan instruments attach to all of Defendants' property and assets, "such as by a UCC-1 recorded with the Texas Secretary of State." Id. ¶ 24.

---

preferred that a party engage the litigation process by making an appearance for the limited purpose of challenging the court's jurisdiction, a defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." Baragona v. Kuwait & Gulf Link Transp. Co., 691 F. Supp. 2d 1351, 1360 (N.D. Ga. 2009) (alteration accepted).

**B.     Legal Basis for Default Judgment**

**1.     Declaratory and Equitable Relief (Count I)**

In Count I of the Complaint, IOU requests that the Court declare that Defendants are jointly and severally liable for the Loan instruments or, alternatively, award damages against Defendants. Compl. ¶¶ 34-45. In its Motion for Default Judgment, IOU withdraws its request for damages on this Count. Mot. for Default J. at 15.

Neal executed the Loan instruments on behalf of RN Interests. Compl. ¶¶ 7-16. As security for the Loan, RN Interests granted to IOU a security interest to a continuing lien upon:

> Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance

> receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto.

Promissory Note ¶ 21. "Under Georgia law, a mortgage is created when a property owner uses that property as security for his debt to another. Because a mortgage merely grants a lien against the property, as opposed to passing title to the same, '[n]o particular form is necessary to constitute a mortgage.'" Baxter v. Bayview Loan Servicing, LLC, 301 Ga. App. 577, 582 (2009) (quoting O.C.G.A. § 44-14-31) (other citations omitted). Thus, by their default, Defendants have admitted that IOU has a mortgage on RN Interests's property as defined in the Promissory Note.

Pursuant to the Guaranty, Neal unconditionally guaranteed the "Guaranteed Debt" in the event that RN Interests "defaults on its obligation under the Note." Guaranty ¶¶ 2, 19. The Guaranteed Debt was defined as:

> (i) the Principal amount; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (vii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any arbitration proceeding to enforce the Note against Borrower.

Guaranty ¶ 1. A default under the Loan instruments was defined as

9

(i) any amount due pursuant to this Note is not received by Lender when due; (ii) Borrower should breach any other warranty, representation, covenant, term or condition of this Note; (iii) a default under any guaranty agreement or instrument, whether now existing or hereafter committed or made, which was provided to Lender to enhance the credit underwriting of this Loan; any bankruptcy, insolvency or receivership proceeding is commenced by or against Borrower and is not dismissed within 30 days; (iii) Borrower ceases to exist; or (iv) Borrower obtains another loan during the term of this Loan without Lender's prior written permission.

Id. ¶ 6. Thus, by their default in the present litigation, Neal and RN Interests have admitted that they are jointly and severally liable for the default on the Loan. See Fannie Mae v. Las Colinas Apartments, LLC, 346 Ga. App. 867, 869-72 (2018) (holding that the borrower and guarantor of a promissory note were jointly and severally liable under the terms of the promissory note).

### 2.     Breach of Instruments and Related Relief (Count II)

In Count II of the Complaint, IOU seeks a judgment against Defendants for the unpaid Loan balance, interest, attorney's fees, costs, and other charges. Compl. ¶¶ 52-53. "A promissory note is an unconditional obligation, sufficient in itself to support a cause of action." Brooks v. McCorkle, 174 Ga. App. 132, 132 (1985) (internal quotation marks and citation omitted). As the holder of the Promissory Note, IOU is entitled to enforce it. O.C.G.A. § 11-3-301.

RN Interests promised to pay IOU $215,250.00 (the Loan principal), plus interest and fees, and Neal guaranteed the Loan. Promissory Note ¶ 2; Guaranty

10

¶ 2. RN Interests breached the Promissory Note and is in default on the Loan. Compl. ¶¶ 18, 26. Pursuant to the Promissory Note's acceleration clause, when RN Interests defaulted, the following "became immediately due and payable":

> (i) the whole of the Principal sum of this Note, (ii) Note Interest, Default Interest, Late Charges, and all other sums as provided for in this Note including the Loan Guarantee Fee, and (iii) all sums advanced and costs and expenses incurred by Lender in connection with this Loan, including attorneys' fees and any other costs incurred by Lender in enforcing Borrower's obligations under this Note.

Promissory Note ¶ 12. Because Defendants have admitted by virtue of default that they executed and breached the Promissory Note, and have offered no affirmative defenses, IOU is entitled to a default judgment against Defendants for the Loan principal, interest, attorney's fees, and costs. Id.; see Brooks, 174 Ga. App. at 132.

IOU's Chief Operating Officer affirms that IOU is entitled a judgment in the amount of $272,845.78, consisting of the following:

(1) $177,025.67 in unpaid principal, and the $41,606.10 loan guaranty fee;

(2) $28,773.48 in accrued pre-judgment interest at 9.25% per annum from October 25, 2018, through July 27, 2020;

(3) $24,740.53 in attorney's fees (10% of the principal plus interest);

(4) $75.00 in non-sufficient funds fees;

(5) $400.00 in court filing fees; and

(6) $225.00 in service of process fees.

11

Pl.'s Verification and Aff. of Relief Due [Doc. 23-7] ¶ 5 (citing Batch Invoice [Doc. 23-6] for service of process fees).  The Court finds that as a result of RN Interests's default, pursuant to the Promissory Note, IOU is entitled to this requested Loan principal, interest, attorney's fees and costs.  See Promissory Note ¶¶ 2, 5, 9, 12.

### 3. Quantum Meruit/Unjust Enrichment (Count III), Money Had and Received (Count IV), and Attorney's Fees (Count VII)

In Count III of the Complaint, IOU alleges that Defendants induced IOU to confer the Loan funds, that IOU provided such funds expecting repayment, and that Defendants are unjustly enriched if not required to repay the Loan.  Compl. ¶¶ 55-59.  In Count IV, IOU alleges that Defendants wrongfully induced IOU to confer the Loan funds, should not retain the funds and enrich themselves at IOU's expense, and that IOU is entitled to the funds in good conscience and equity.  Id. ¶¶ 61-62.  In Count VII of the Complaint, IOU asserts that Defendants acted in bad faith by their misconduct and by failing to otherwise resolve these claims, and IOU is therefore entitled to attorney's fees pursuant to O.C.G.A. § 13-6-11.  Id. ¶¶ 76-79.  However, in its Motion for Default Judgment, IOU contends that it is only entitled to relief on these counts if the Court finds Defendants not liable for Count II.  Mot. for Default J. at 17-18, 22.  Because this Court has found that IOU

is entitled to relief in Count II, including attorney's fees, the Court concludes that IOU is not entitled to the relief in Counts III, IV, and VII.

### 4. Equitable Lien/Equitable Mortgage (Count V)

In Count V of the Complaint, IOU requests that the Court declare and impose an equitable lien or equitable mortgage on Defendants' property and assets. Compl. ¶¶ 66-69.

> A special lien on specific property may be decreed whenever the rules of equity require this remedy. One of those rules is that equitable relief is improper if the complainant has a remedy at law which is adequate, i.e., as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.

McArthur Elec., Inc. v. Cobb Cnty. Sch. Dist., 281 Ga. 773, 774 (2007) (internal quotations marks and citations omitted). "Equity will grant relief only where there is no available adequate and complete remedy at law, and the availability of money damages affords an adequate and complete remedy." McGlashan v. Snowden, 292 Ga. 450, 451 (2013) (internal quotation marks and citations omitted). Because IOU can seek, and is entitled to, money damages against Defendants, supra parts III.B.2, an equitable lien or equitable mortgage would be improper.

### 5. Constructive Trust (Count VI)

In Count VI of the Complaint, IOU asserts that a constructive trust to satisfy the Loan instruments is implied on Defendants' property and assets. Compl. ¶ 74.

"A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132. "[A] constructive trust is a remedy created by a court in equity to prevent unjust enrichment." Whiten v. Murray, 267 Ga. App. 417, 420 (2004) (internal quotation marks and citation omitted); see also United States v. Shefton, 548 F.3d 1360, 1365 (11th Cir. 2008) (citation omitted) (stating that under Georgia law, constructive trusts are "equitable remedies"). "[C]onstructive trusts are inherently equitable in nature and that equitable relief is available only in the absence of an adequate remedy at law." Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir. 1994) (applying Georgia law). Because IOU has an adequate remedy at law, a constructive trust is not implied.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff IOU Central, Inc. d/b/a IOU Financial, Inc.'s Unopposed Motion for Final Default Judgment Against the Defendants [Doc. 23] is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** with respect to Counts I and II. The motion is **DENIED** with respect to Counts III, IV, V, VI, and VII.

The Clerk is **DIRECTED** to enter **JUDGMENT** in favor of Plaintiff in the amount of $272,845.78 against Defendants RN Interests, LLC, d/b/a Victory Motorcars and Robert Lee Neal, and to **CLOSE** this case.

**IT IS SO ORDERED** this 10th day of December, 2020.

_____
MARK H. COHEN
United States District Judge